IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARVIS LAMAR JOHNSON                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 3:20-CV-600-KHJ-LGI

OFFICER HOLENSWORTH, OFFICER                          DEFENDANTS
EDWARD, JAMES RAY BORN, LEE
PERRY JAMIE, BRETT MCALPIN,
OFFICER CROCKER, and DEDMON
CHISTIN

ORDER OF PARTIAL DISMISSAL

This case is before the Court, sua sponte, for consideration of dismissal. *Pro se* Plaintiff Carvis Lamar Johnson is incarcerated with the Mississippi Department of Corrections, and he sues under 42 U.S.C. § 1983, for claims arising from his arrest and previous confinement at the Rankin County Jail. The Court has considered and liberally construed the pleadings. As discussed below, the Court dismisses Defendant Officer Crocker.

I.     Facts and Procedural History

Johnson claims he was arrested on February 23, 2019, in Flowood, Mississippi, by these members of the Rankin County Sheriff's Department: Defendant Officers Brett McAlpin, Lee Perry Jamie, James Ray Born, and Dedmon Chistin. Johnson alleges Officer Jamie handcuffed him, placed a gun in his mouth, and demanded to know where "the drugs" were. Compl. [1] at 6. When Johnson denied having drugs, he contends Jamie punched him, while Born and Chistin

kicked him in the face. *Id.* McAlpin then allegedly arrived on the scene and beat Johnson while asking him for "the dope man in Jackson." *Id.* According to the Complaint, the four officers continued to beat Johnson. He alleges that Flowood police arrived and took him to the Rankin County Jail. *Id.*

Johnson also claims he endured three separate incidents of use force by officials while detained in jail. The first allegedly occurred when Defendant Officer Edward pushed him down "for nothing." *Id.* at 8. Johnson claims he injured his back and leg as a result, yet officials denied him medical care.

Johnson alleges that the second incident involved Defendant Officer Holensworth. *Id.* at 9. According to Johnson, Holensworth repeatedly slammed Johnson's hand in the tray slot of his cell door and then denied him his medication. *Id.* Officer Edward came by later and allegedly pushed Johnson's hand in the tray slot too. *Id.*

Finally, Johnson claims Officer Crocker ordered him in his cell, and when Johnson asked to speak to a lieutenant or sergeant, Crocker pulled him and slammed him on the floor before trying to break his arm. *Id.* Once back in the cell, Johnson maintains that Crocker punched him in the jaw and pushed him. *Id.* Afterwards, Crocker allegedly did not give Johnson medical attention. *Id.*

Johnson sues under § 1983, seeking compensatory damages. He asserts excessive force against all Defendants and deliberate indifference to his serious medical needs against the jail Defendants.

Johnson has raised some these claims in another lawsuit. The claims against

Officer Crocker were first raised in *Johnson v. Hicks*. *See* Civil Action No. 3:20-CV-501-KHJ-LGI, Docket No. 28 (S.D. Miss. Jan. 4, 2021).

II.   Analysis

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this court. One of its provisions states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Because the Court has permitted Johnson to proceed *in forma pauperis*, his Complaint is subject to sua sponte dismissal under § 1915.

Among others, Johnson sues Officer Crocker for excessive force and denial of medical care. When these claims were filed here, they were already pending in *Hicks*. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of

3

another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since these claims are already pending against this same Defendant in a previously filed civil action, the Court dismisses the claims against Officer Crocker here as malicious. This dismissal is without prejudice as to the prior pending lawsuit of *Hicks* and is with prejudice in all other respects. *Id.*

III.   Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the Court dismisses the claims against Defendant Officer Crocker as malicious. This dismissal is without prejudice to the prior pending lawsuit of *Johnson v. Hicks*, Civil Action No. 3:20-CV-501-KHJ-LGI, and is with prejudice in all other respects. The remainder of this case shall proceed.

SO ORDERED AND ADJUDGED, this the 8th day of March, 2021.

                                                    s/ *Kristi H. Johnson*
                                                  UNITED STATES DISTRICT JUDGE